J^BYRNES, J.
The defendants, Elenora Johnson Cole, Louise Johnson Duplessis, Eckard Johnson, Jr., Joyeelyn Johnson, Isabelle Johnson Sias, Carolyn Johnson Dillard, Jean Johnson Miller, Charlie Johnson, Eva Johnson Brooks, Horace Johnson, Jr., Percy Johnson, Sr., Joseph Johnson, Sr., Geraldine Johnson Brown, Florence Johnson Hampton, Shirley Johnson Coleman, Cel-estine Brouch Green, and Dolores Brouch Green,[1] appeal a summary judgment or *681 dering a partition by licitation of certain property. We reverse and remand.
The plaintiff, Industrial Pipe, Inc. filed suit for partition by licitation of the property described in the sworn descriptive list submitted by the plaintiff and attested to by Kennett F. Stewart, as follows:
That certain portion of land, situated in the rear of the place called “Oakville” in the Parish of Plaquemines in Sections 43 and 67 of Township 15 South, Range 24 East, having a breadth of One Arpent and a half, more or less, fronting on the Mississippi River side tow of the Plaque-mines Parish Hurricane Protection Levee in the rear of Oakville and extending in depth to the rear line of Sixty Arpents from the River, bounded above by lands formerly of W.N. Stackhouse (now Industrial Pipe, Inc.) and below by lands of H. Gauffroy. Said tract of land | ¡.being the rear portion of a certain tract acquired by Rene Sarpy, together with a large portion from A. Vallette, per act before C. H. Bienvenu, Notary Public in New Orleans on the 6th day of October, 1976.
Plaintiff claims a right to partition by licitation because the long narrow shape of the property makes it impractical to divide it in kind among the fractional co-owners, several of whom are alleged to have very small fractional interests. Plaintiff also contends that a Plaquemines Parish ordinance prohibits the subdivision of marsh property which this allegedly is.
We review summary judgments de novo.
Plaintiffs petition alleged that the defendants owned the following undivided interests in the above described property: Elenora Johnson Cole (deceased) — 1/9; Louise Johnson Duplessis — 1/54; Eckard Johnson, Jr. — 1/54; Joycelyn Johnson— 1/54; Isabelle Johnson Sias — 1/54; Carolyn Johnson Dillard — 1/54; Jean Johnson Miller — 1/54; Charlie Johnson (deceased) — 1/9; Eva Johnson Brooks[2] (deceased) — 1/9; Horace Johnson (deceased) — -1/9; Percy Johnson — 1/9; Joseph Johnson, Sr. — 1/9; Geraldine Johnson Brown — 1/9; Florence Johnson Hamp-son — 1/9; Shirley Johnson Coleman — 1/9; Celestine Brouch Green — 1/9; Dolores Brouch Green — 1/9.
We note that the aforementioned interests include 11 ninths plus 6 fifty-fourths, for a total of 12 ninths, or 133% ownership. The law does not recognize more than 100% ownership. Defendants in their answer deny the representations of ownership made by the plaintiffs. As the plaintiffs petition is mathematically | aimpossible on its face, and as the issue was raised in the defendants’ answer, there is a genuine issue of material fact as to the proportional ownership of the property. Assuming for purposes of argument that the plaintiffs contention that a partition in kind would be unfair to owners of small fractional interests because of the configuration of the property, it may not be necessary for the plaintiff to establish with certainty the exact fractional interest owned by each owner. It may be sufficient to show the existence of certain small fractional interests and that it would be fairer to the owners as a whole to partition by licitation rather than in kind. Small variations in the fractions alleged in plaintiffs petition should make little difference in the overall merit or lack thereof of plaintiffs argument generally. Unfortunately, at this stage of the proceedings all we know is that plaintiffs allegations are significantly facially impossible.
Nor can we attribute the mathematical disparity to a typographical error, an error that is so obvious from the face of the record that this Court can take notice of it. It is-not as though a “6” was transposed for a “9” or as though the “9” key was struck on the keyboard when the “8” key *682 next to it was obviously intended because it is alleged that all owners were equal and only eight were enumerated. Moreover, even such an explanation regarding the “1/9” interests would not explain away the “1/54” interests.
Finally we note that the plaintiffs assertions of the allocation of ownership are found only in the plaintiffs petition. This is sufficient on a summary judgment motion only where those allegations are not denied in the defendants’ answer. As already mentioned, the defendants’ answer denies the plaintiffs allegations of allocation of ownership. The burden is on the plaintiff to prove those allegations. To do so plaintiff must do more than merely make allegations in its petition. There |4are no depositions, no answers to interrogatories, no answers to requests for admissions, and no documents[3] allowing the trial court or this Court de novo to assume the correctness of plaintiffs allegations once denied by the defendants. At this stage of the proceedings, in the absence of any evidence concerning the allocation of ownership, it was error for the trial court to grant summary judgment based solely on the allegations of allocation of ownership contained in the plaintiffs petition. In other words, the burden does not shift to the defendants at this stage of the proceedings to correct the plaintiffs inaccuracies. LSA-C.C.P. art. 966.
The plaintiff contends on appeal that the property is marshland. The trial judge observed that the subdivision of marshland is prohibited by ordinance in Plaquemines Parish. Plaintiffs petition does not allege that the property is marshland. There is no evidence in the record from which we or the trial court could infer that it is marshland. There is nothing in plaintiffs sworn descriptive list describing the property to indicate that it is marshland. We find no stipulation of the parties to that effect. There is no admission of record by the defendants that it is marshland. There are no affidavits or depositions stating that it is marshland. The “Statement of Material Facts as to which there is No Genuine Issue” filed by the plaintiff makes no reference concerning the character of the property. The record does not reflect that the trial court took judicial notice of the fact that the property is marshland, and it is unlikely that it would be proper to do so. This Court is unable to take judicial notice of that fact on its own. Therefore, without even reaching the constitutional issues surrounding the marshland ordinance and 1 Kthe question of whether the ordinance applies to marshlands with an intended commercial use, we find, pursuant to our de novo review, no basis for affirming the summary judgment based on the property’s character as marshland. There is no burden on the defendants at this stage of the proceedings to show that the property is not marshland as the plaintiff has done nothing to discharge his initial burden of raising that as an issue. LSA-C.C.P. art. 966.
Nothing in this opinion is intended to prevent the plaintiff from reurging this motion accompanied by acceptable proofs of its allegations.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. The answer filed in the trial court also refers to "their heirs or assigns.”

. Plaintiff's right to bring this action is based upon its acquisition of an '/is interest in the property from Oscar Earl Brooks, allegedly the child and heir by seizing of Eva Johnson Brooks.

. Any such documents must be properly verified and identified as required by LSA-C.C.P. art. 967. If plaintiff wishes to offer documentary support of its allegations, it is not enough to have the document offered and identified by plaintiff’s counsel. It must be identified by affidavit, just as a document must be identified by a witness at a trial on the merits.